## MASON'S PETITION.

The act of 1842 abolishing imprisonment for debt, does not prevent bail from another State arresting his principal in this State, upon a bail piece, and taking him out of the State.

In re petition of Addison G. Mason for writ of habeas corpus.

Error to the Common Pleas of Luzerne county.

Opinion delivered March 23, 1874, by

AGNEW, C. J. It is well settled that bail from another State may arrest his principal in this State upon a bail piece, or depute another to do it, and take him out of the State, for the purpose of surrendering him in discharge of his recognizance. Holsey v. Novillo, 6 Watts 402. But it is objected that the act of 1842, abolishing imprisonment for debt, has wrought a change in this respect, and operates as an *exoneration*, for which Kelly v. Henderson, 1 Barr 495, is cited as authority. This is true as to bail at the time of the passage of the act, who then had their principal in custody, in a case where the non-imprisonment law cut up the right of imprisonment by the root. But certainly it is not true where the right of arrest remained under any of the exceptions in the act of 1842. Precisely so must we view an arrest by the bail under a bail piece issue in an action in another State. The presumption is that the supreme court of New York acted rightly in requiring bail in the action there. We certainly ought not to inquire into the legality of his arrest there, and discharge the petitioner from the custody of his bail. Our order would be no justification to the bail in an action against him on his recognizance. The relation of the States to each other requiring mutual co-amity, and the

provision in the constitution of the United States, that full faith and credit shall be given in each State to the public acts, records, and judicial proceeedings of every other State, forbid an inquiry into the cause of action in New York ; one which we could not conduct with safety to the bail, or credit to ourselves.   We must take it for granted that the bail was rightly demanded, and the defendant committed to the custody of his bail in conformity to the law of New York.   This being so, the bail has the right to take his principal here and remove him to New York, in order to comply with his undertaking.   It is an ungracious act on part of the principal to fix his bail for the demand ; as he must well understand that the non-imprisonment law of Pennsylvania cannot change the *status* of his case in New York ; and that our order of discharge would be ineffectual to relieve the bail.

The order of the court of common pleas of Luzerne county remanding the petitioner into custody is affirmed.